```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

JOHN TRISVAN,

                    Plaintiff,                 MEMORANDUM & ORDER
                                               23-cv-9051 (EK)(LB)

        -against-

THE CITY OF NEW YORK; MAYOR OF NEW
YORK CITY ERIC ADAMS; NYPD
COMMISSIONER EDWARD CABAN; and NYPD
POLICE OFFICER HALERAS RODRIGUEZ,

                    Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff John Trisvan, proceeding *pro se*, filed this action against a series of defendants, alleging that New York City's open container law violates his constitutional rights. Compl., ECF No. 1. The Court grants Trivan's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2. The complaint, however, is dismissed with prejudice.

### I. Legal Standard

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).[1] At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010). But the court need not accept "legal conclusions" as true. *Iqbal,* 556 U.S. at 678.

A *pro se* complaint like Trisvan's is to be liberally construed, and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019). Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B).

## II. Discussion

Trisvan's complaint alleges that on October 4, 2023, he was "told by Defendant Rodriquez that he was not to have an open container of alcohol in public according to Admin. Code

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Rule 10-125B[2] and was given a summons." Compl. at 2. "Although Plaintiff Trisvan admitted to being in public with alcohol, he in no way was breaking the law by doing so according to the U.S. Constitution." *Id.* Trisvan seeks declaratory and injunctive relief as well as $275,000. *Id.* at 3.

Given that Trisvan has invoked his constitutional rights, the Court construes the action as brought pursuant to 42 U.S.C. § 1983. This section "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). In order to maintain a Section 1983 action, a plaintiff must show that the defendant acted to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

Even under a liberal reading of the complaint, Trisvan has failed to allege facts to support a claim. He cites Section 2 of the Twenty-First Amendment for the proposition that defendant Rodriguez was "infringing upon" his "right to possess and consume alcohol" by enforcing the open container law. *Id.*[3]

---

[2] The New York City Administrative Code provides that "[n]o person shall drink or consume an alcoholic beverage, or possess, with intent to drink or consume, an open container containing an alcoholic beverage in any public place except at a block party, feast or similar function for which a permit has been obtained." N.Y.C. Admin. Code § 10-125(b).

[3] Section 2 of the Twenty-first Amendment states: "The transportation or importation into any State, Territory, or possession of the United States for

3

Trisvan's reliance on the Twenty-First Amendment is misplaced — the Amendment provides no such right. To the contrary, "[t]he aim of the Twenty-first Amendment was to allow States to maintain an effective and uniform system for controlling liquor by regulating its transportation, importation, and use." *Granholm v. Heald*, 544 US 460, 484 (2005). Therefore, the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

### III. Filing Injunction — Warning

The ability to litigate *in forma pauperis* is a privilege that may be denied. *In re Anderson*, 511 U.S. 364 (1994); *In re Sindram*, 498 U.S. 177, 179-180 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system."); *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (right to proceed *in forma pauperis* "is not a constitutional right, but rather a congressionally created benefit"). The Second Circuit has held that a district court's "constitutional obligation" may be implicated by a litigant who repeatedly files frivolous or vexatious claims. *See In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal

---

delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited." U.S. Const., amend. XXI, § 2.

courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). At the same time, it is "[t]he unequivocal rule in this Circuit . . . that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005).

Trisvan is a frequent litigant in this District.[4] The Court takes the opportunity here to warn him that if he persists in filing frivolous or vexatious actions, the Court may enter an order barring the filing of any future *in forma pauperis* complaint without prior leave of the Court.  28 U.S.C. § 1651; *see, e.g.*, *In re Martin-Trigona*, 9 F.3d at 227-29; *Iwachiw*, 396 F.3d at 529; *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (district court may issue filing injunction when "a plaintiff abuses the process of the Courts to harass and annoy others with

---

[4] Trisvan has filed the following cases in this Court: *Trisvan v. Ercole*, No. 07-cv-4673 (NG) (closed Jan. 30, 2015); *Trisvan v. Annucci*, No. 14-cv-6016 (MKB) (ST) (closed Aug. 25, 2021); *Trisvan v. Heyman*, No. 16-cv-0084 (MKB) (ST) (closed Mar. 31, 2020); *Trisvan v. Kalex Partners LLC*, No. 16-cv-7000 (MKB) (ST) (closed Feb. 19, 2020); *Trisvan v. Burger King Worldwide, Inc.*, No. 19-cv-6396 (MKB) (ST) (closed Mar. 31, 2021); *Trisvan v. Kentucky Fried Chicken Corp.*, No. 20-cv-2071 (MKB) (ST) (closed Feb. 2, 2021); *Trisvan v. Regal Entertainment Group*, No. 21-cv-0187 (MKB) (ST); *Trisvan v. Biden*, No. 21-cv-5684 (EK) (LB) (closed July 27, 2021); *Trisvan v. Dep't of Correctional Services*, No. 22-cv-2600 (EK) (LB) (closed Nov. 8, 2022).

meritless, frivolous, vexatious or repetitive . . . proceedings").

### IV. Conclusion

Accordingly, the complaint is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). The Court declines leave to amend as amendment would be futile. *Grullon v. County of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, mark this case closed and mail a copy of this Memorandum and Order to plaintiff and note service on the docket.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: August 14, 2024
       Brooklyn, New York